PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
DAVID A. PIMSNER
Arizona State Bar No. 007480
KEVIN C. HAKALA
Colorado Bar No. 41335
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: david.pimsner@usdoj.gov
Email: kevin.hakala@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-20-08098-PCT-SPL (ESW) |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPTS** |
| Loren Reed, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the government's response to Defendant's Motion for Production of Grand Jury Transcripts and respectfully requests that the motion be denied because Defendant fails to show a particularized need to invade the secrecy of the Grand Jury, as set forth in the government's memorandum of points and authorities.

Respectfully submitted this 13th day of April, 2021.

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

 *s/David A. Pimsner*
DAVID A. PIMSNER
KEVIN C. HAKALA
Assistant U.S. Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Facts.**

Between May 30, 2020, and June 2, 2020, Defendant posted numerous Facebook entries on various topics.  At one point, he started posting that he wanted to burn the court building.  Defendant created a private Facebook chat group titled "Fuck 12."[1]  On May 31, 2020, Defendant posted:

- Status React to my status if you didn't get my invite to the Page riot happening tomorrow. (Posted 2020-05-31 08:02:52 UTC).
- Gonna light the courthouse on fire (Sent 2020-05-31 09:14:21 UTC).
- Just fuck the police (Sent 2020-05-31 09:30:43 UTC).
- And the courthouse (Sent 2020-05-31 09:30:50 UTC).
- Imma get arrested actually (Sent 2020-05-31 09:45:03 UTC).
- Fuck it (Sent 2020-05-31 09:45:04 UTC).
- Assault, Arson, and conspiring here we come! (Sent 2020-05-31 09:45:32 UTC).
- Let's burn the courthouse down (Sent 2020-05-31 09:53:46 UTC).

When asked whether this was joke, Defendant responded:

- Fuck no Tavis (Time 2020-05-31 09:57:56 UTC).

Defendant continued with his focus on the courthouse and posted the following:

- I'll be doing all the criminal ahit (Sent 2020-05-31 10:07:50 UTC).
- Shit (Sent 2020-05-31 10:07:51 UTC).

Defendant went on and posted:

- I am dead serious (Sent 2020-05-31 10:08:18 UTC).
- I'm lighting the courthouse on fire (Sent 2020-05-31 10:26:06 UTC).

---

[1] The term "Fuck 12" is known as an anti-police slogan. https://en.wiktionary.org/wiki/fuck_12.

- Idc. I'm gonna burn the courthouse down 😂 (Sent 2020-05-31 11:37:10 UTC).

When someone requested that Defendant not burn the bars, Defendant responded:

- nah. Just the courthouse 🥱 (Time 2020-05-31 11:47:47 UTC).

A concerned citizen contacted the Page Police Department after viewing the posts. A Page Police Department officer, using an undercover Facebook account, reached out to Defendant on Facebook after the following post was made by Defendant:

- I wanna burn down the courthouse (Sent 2020-05-31 13:27:30 UTC).

The officer asked Defendant what he needed and when they were meeting. Defendant responded:

- Uuh idk more gasoline (Sent 2020-05-31 13:28:13 UTC).
- At 9... at the courthouse lol (Sent 2020-05-31 13:28:27 UTC).

Defendant told the officer about the private Facebook chat group and invited the officer into the group. Later that day, Defendant posted the following:

- I'm gonna light the courthouse on fire (Sent 2020-05-31 17:55:36 UTC).
- I just need gas and matches (Sent 2020-05-31 18:02:44 UTC).

Defendant continued to post about the courthouse and other topics. Defendant postponed the date to Tuesday June 2, 2020, and posted the following:

- Tuesday at 9 at the courthouse (Sent 2020-06-01 17:16:06 UTC).
- Pretty much everyone is gonna be peaceful (Sent 2020-06-01 17:17:54 UTC).
- I'm just gonna light the courthouse on fire during the whole thing (Sent 2020-06-01 17:18:09 UTC).
- I need a distraction of people so i can burn the courthouse down. (Sent 2020-06-01 17:19:28 UTC).
- I basically just need everyone to do their thing like riot or protest peacefully until i burn the courthouse down (Sent 2020-06-01 17:22:01 UTC).

- After this everyone in jail will respect me for burning down the Courthouse (Sent 2020-06-01 17:33:40 UTC).
- Hell yeah. Tuesday 9pm courthouse. DO WHATEVER IT TAKES TO GET MORE FOLLOWERS (Sent 2020-06-01 17:34:42 UTC).

On the night of June 1, 2020, and continuing on into June 2, 2020, the scheduled date for the event, Defendant posted the following:

- I'm still gonna burn down the courthouse (Sent 2020-06-02 04:36:46 UTC).
- I mean tbh fuck government buildings (Sent 2020-06-02 05:11:44 UTC).
- I still wanna burn the courthouse down (Sent 2020-06-02 05:11:52 UTC).
- We gonna light the courthouse on fire (Sent 2020-06-02 06:26:56 UTC).
- If we all throw gasoline molotovs it'll take seconds (Sent 2020-06-02 06:27:29 UTC).
- Rather than me spending 10 minutes laying gasoline everywhere (Sent 2020-06-02 06:28:01 UTC).
- Wanna riot? (Sent 2020-06-02 09:18:51 UTC).
- It'll be over quick with 30 molotavs (Sent 2020-06-02 09:20:12 UTC).
- The courthouse (Sent 2020-06-02 09:20:18 UTC).

On June 2, 2020, at approximately 6:30pm, Defendant was arrested pursuant to a criminal complaint for a violation 18 U.S.C. § 844(e).  He was subsequently indicted on September 29, 2020, in a one count indictment alleging that he willfully made a threat, and alternatively, maliciously conveyed false information knowing the same to be false, concerning an attempt to unlawfully damage and destroy the Page Magistrate Court building, by use of fire.

The allegations are supported by numerous Facebook posts made by Defendant between May 30, 2020, and June 2, 2020, covering many topics.  These posts can be found within approximately 4,523 pages of Facebook materials provided to Defendant in discovery.

- 4 -

In his motion, Defendant claims that he is entitled to the Grand jury transcripts because he demonstrated a particularized need in his filing of a motion to dismiss.  His motion to dismiss alleges government misconduct during the grand jury proceeding by "***likely*** presenting of false, misleading, incomplete, and/or prejudicial and irrelevant evidence to the Grand Jury." (emphasis added) (Doc 51 at 1).  However, Defendant's claims are not supported by specific allegations of government misconduct, but are based only on speculation and conjecture.  As such, the claims are insufficient to establish a particularized need justifying the disclosure of Grand Jury material as set forth in more detail below.

In support of his motion to dismiss based on an alleged abuse of the Grand Jury, Defendant makes five allegations that could be grouped into two distinct categories.  One, that the government likely misled the Grand Jury to believe Defendant wanted to conduct a riot to burn down the courthouse and also advocated violence against other businesses, while ignoring other posts made by Defendant in which he advocated peaceful protests.  And two, Defendant claims his posts were either equivocal, conditional, or made in jest and were insufficient to sustain a true threat,[2] claiming the government likely misled the Grand Jury into believing otherwise.  Defendant fails to present any factual support for his claims and relies solely on speculation.

Also, in the second category, Defendant cites to only certain random posts without considering all the relevant posts and the context in which they were made.  In doing so, Defendant wants the Court to accept his alternative interpretation of evidence and dismiss the case based on a limited and incomplete consideration of the evidence.  All Defendant's assertions are based on speculation and invade the province of the jury as the ultimate trier of fact.  Neither category demonstrates a particularized need required for disclosure of the Grand Jury material and his motion should be denied.

---

[2] It should be noted that the Grand Jury returned alternative theories of criminal liability.  Either Defendant willfully made a threat or maliciously conveyed false information.

## II.    Law and Argument

**Defendant Has Not Established a Particularized Need for the Grand Jury Transcripts.**

Defendant's request for disclosure of the grand jury transcripts should be denied. A court may permit disclosure of grand jury materials under Rule 6(e)(3)(E)(i) [formerly 6(e)(3)(C)(i)] only when the requesting party has demonstrated a "particularized need." *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979).  Under this standard, the movant must demonstrate that the material sought is:

> [N]eeded to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed . . . . [Moreover], in considering the effects of disclosure of grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Id.* at 222; *see also United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (emphasizing that the "trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy'" and holding that "the district court was correct in denying Walczak's motion to discover the grand jury transcripts" because "Walczak gave two reasons why he sought discovery of the transcripts" but "[n]either reason constitutes 'particularized need'").

Disclosures will not be allowed upon a mere showing of relevance, nor for general discovery.  *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("This 'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity.  There are instances when that need will outweigh the countervailing policy.  But they must be shown with particularity.  No such showing was made here. The relevancy and usefulness of the testimony sought were, of course, sufficiently established. . . . Yet these showings fall short."); *United States v. Evans & Associates Const. Co., Inc.*, 839 F.2d 656, 658 (10th Cir. 1988) ("The party seeking disclosure must demonstrate . . . there is a particular, not a general, need for the material.

- 6 -

The rule is not to be used as a substitute for general discovery."); *Petrol Stops Northwest v. United States*, 571 F.2d 1127, 1129 (9th Cir. 1978), *rev'd on other grounds sub nom.*, *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211(1979).   In most cases, considerations such as convenience, avoidance of delay, case complexity, the passage of time, and expense, also are insufficient reasons to justify disclosure.  *See Smith v. United States*, 423 U.S. 1303, 1304 (1975) (holding, where movant sought disclosure of grand jury transcripts to preserve "investigatory . . . resources" and because transcripts would be "generally useful," that "it is doubtful whether either of these reasons . . . meets the 'compelling necessity' standard of Rule 6(e)"); *United States v. Procter & Gamble*, 356 U.S. at 677, 683 (1958); *In re Sells*, 719 F.2d 985, 991 (9th Cir. 1983).

## Defendants' Assertions of Grand Jury "Abuse" Are Unavailing.

Moreover, "the law presumes, absent a showing to the contrary, that a grand jury acts within the legitimate scope of its authority."  *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300 (1991) (citing *United States v. Mechanik,* 475 U.S. 66, 75, (1986) (O'Connor, J., concurring) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.")); *United States v. Ruppel,* 666 F.2d 261, 268 (5th Cir. 1982) (applying "the presumption that the grand jury and the prosecutor have properly performed their duties" to reject defendant's claim of grand jury abuse); *cf. In re Antitrust Grand Jury Investigation,* 714 F.2d 347, 350 (4th Cir. 1983) ("What governs the decision of this case is the polestar that a court should not intervene in the grand jury process absent a compelling reason.").  A presumption of regularity attaches to grand jury proceedings, and a defendant carries a heavy burden when claiming an abuse occurred before the grand jury.  *See United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983); *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).  Bare allegations, or unsubstantiated or

speculative claims of impropriety, are insufficient.  *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).[3]

The prosecution may exercise wide discretion in grand jury proceedings.  *United States v. Kaplan,* 554 F.2d 958, 970 (9th Cir. 1977).  Critically here, a district court "cannot grant a motion to dismiss an indictment if the motion is 'substantially *founded upon and intertwined with evidence concerning the alleged offense*.'"  *United States v. Lunstedt,* 997 F.2d 665, 667 (9th Cir. 1993) (emphasis added) (quoting *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986) (alterations omitted)).  Rather, a court can only grant such a dismissal if it is "'entirely segregable' from the evidence to be presented at trial."  *Lunstedt*, 997 F.2d at 667 (citation omitted).  Otherwise, "the motion falls within the province of the ultimate finder of fact and must be deferred [to the jury]."  *Id.*  "[A] motion requiring factual determinations may be decided before 'trial [*only*] *if* trial of facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'"  *Id.* (quoting *United States v. Covington,* 395 U.S. 57, 60, (1969)).

**Neither category of Defendant's allegations of grand jury abuse are sufficient to establish a particularized need.**

Defendant's allegations that the Government "likely" mislead the grand Jury into believing Defendant wanted to riot to burn down the courthouse and damage other businesses, while ignoring his calls for peaceful protests, are not supported by any facts

---

[3] Furthermore, prosecutors are not constitutionally obligated to present exculpatory evidence to the grand jury.  In *United States v. Williams*, 504 U.S. 36 (1992), the Supreme Court held that the federal court's supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury.  Following *Williams*, other courts have rebuffed efforts to challenge indictments because of an alleged failure to present exculpatory evidence.  *See, e.g.*, *Lapena v. Grigas*, 736 F. App'x 651, 655 (9th Cir. 2018) ("There is no federal right to have exculpatory evidence presented before a grand jury."); *United States v. Isgro*, 974 F.2d 1091, 1096 (9th Cir. 1992) (government under no duty to disclose exculpatory testimony from former trial); *United States v. Casas*, 425 F.3d 23, 38 (1st Cir. 2005); *United States v. Waldon*, 363 F.3d 1103 (11th Cir. 2004); *United States v. Byron*, 994 F.2d 747, 748 (10th Cir. 1993).

and are clearly speculative.  As such, they are insufficient to establish a particularized need warranting disclosure.

In *Walczak*, the Ninth Circuit considered an allegation that the testimony of law enforcement officers improperly summarized the testimony of other agents in determining whether a particularized need was established.  *Walczak*, 783 F.2d at 857.  The Appellate Court affirmed the trial court's denial of the motion to dismiss, finding that Walczak alleged no facts to support his claim, and it was therefore speculative.  Similarly, in *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), cited by Defendant in support of his motion to disclose, Perez claimed that the prosecutor directly presented evidence to the grand jury.  However, the Ninth Circuit found that the claim was not supported by any facts and found the claim to be speculative and failed to meet the particularized need standard.  *Id*. Equally, because Defendant has not demonstrated any facts that support his allegation that the government misled the Grand Jury, and only described his claim as "likely," Defendant's request for disclosure should be found speculative and insufficient to support a particularized need to warrant grand jury disclosure.

Furthermore, based on certain random posts, without considering all the relevant posts and the context ing which they were made, Defendant claims that his Facebook posts were either conditional, equivocal or made in jest and that the government likely mislead the Grand Jury into believing otherwise.  Defendant presents no facts supporting his allegation that the government mislead the Grand Jury, and therefore his claims are speculative.  Defendant, in effect, is attempting to use his incomplete narrative of the facts to support his interpretation of the overall evidence and speculate that the government mislead the Grand Jury. Defendant's narrative does not overcome his burden in establishing a particularized need because a presumption of regularity attaches to grand jury proceedings, and a defendant carries a heavy burden when claiming an abuse occurred before the grand jury.  *See Al Mudarris*, 695 F.2d at 1185 and *Ferreboeuf*, 632 F.2d at 835.  Bare allegations, or unsubstantiated or speculative claims of impropriety, are insufficient.  *Id*.

- 9 -

1    Moreover, Defendant's claim that the government likely did not present other posts

2    advocating peacefulness in an effort to mislead the Grand Jury, is not sustainable because

3    there is no requirement for the government to present exculpatory evidence.  *See, e.g.*,

4    *Lapena v. Grigas*, 736 F. App'x 651, 655 (9th Cir. 2018) ("There is no federal right to have

5    exculpatory evidence presented before a grand jury.").  Accordingly, Defendant's

6    speculative assertions do not support a finding of a particularized need warranting grand

7    jury disclosure.

8    In his underlying motion to dismiss, Defendant is essentially asking for a summary

9    judgment of acquittal based on his interpretation of what the facts prove.  His selective

10   facts, that are intertwined with evidence of other posts advocating the burning of the

11   courthouse, do not establish that the government abused the grand jury.  Because these

12   posts are intertwined, a factual determination is necessary to determine whether Defendant

13   intentionally made a threat or maliciously conveyed false information knowing the same

14   to be false, that finding falls within the province of the jury as the trier of fact.

15   When an indictment is "'substantially *founded upon and intertwined with evidence*

16   *concerning the alleged offense*'" a motion to dismiss cannot be granted.  *See Lunstedt,* 997

17   F.2d at 667  Rather, a court can only grant such a dismissal if it is "'entirely segregable'

18   from the evidence to be presented at trial." *Id.*  Otherwise, "the motion falls within the

19   province of the ultimate finder of fact and must be deferred [to the jury]." *Id.*  Because the

20   posts are intertwined with other evidence advocating the burning of the courthouse, the

21   disputed facts are left for the jury as trier of fact and does not establish a basis that grand

22   jury "abuse" occurred.  Accordingly, Defendant's motion should be denied.

23   **III.    Conclusion**

24   Defendant has not met his burden of demonstrating the particularized, specific need

25   for grand jury materials required by *Douglas Oil* and its progeny.   Defendant relies upon

26   speculation as to what occurred before the Grand Jury as a basis for the Court to order the

27   disclosure of the transcripts. These theoretical arguments do not establish the particularized

28

1   need required for disclosure and for that reason alone Defendant's request should be

2   denied.

3        Respectfully submitted this 13th day of April, 2021.

4                         PAUL ANTHONY MARTIN
                      Acting United States Attorney

5                         District of Arizona

6

7                         *s/David A. Pimsner*
                      DAVID A. PIMSNER

8                         KEVIN C. HAKALA
                      Assistant U.S. Attorneys

9

10

11

12   **CERTIFICATE OF SERVICE**

13

14        I hereby certify that on April 13, 2021, I electronically transmitted the attached

15   document to the Clerk's Office using the CM/ECF System for filing a copy to the following

16   CM/ECF registrant:

17   Douglas Passon

18

19     *s/TH*
  U.S. Attorney's Office

20

21

22

23

24

25

26

27

28