**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>                Plaintiff,<br>vs.<br><br>Loren Reed,<br><br>                Defendant. | No.  CR-20-08098-01-PHX-SPL<br><br>**ORDER** |

### I.      BACKGROUND

Defendant has been indicted on one count of Threats to Damage and Destroy a Building by Means of Fire, 18 U.S.C. § 844 (e). Defendant made several Facebook posts about burning down a court building in Page, Arizona. (Doc. 52 at 2-4). Before the Court is Defendant's Motion for Production of Grand Jury Transcripts (Doc. 52). There are also several motions to dismiss currently pending before the Court, including a Motion to Dismiss Due to Likely Presentation of Inaccurate, Incomplete or Misleading Information to Grand Jury (Doc. 51).

In his Motion to Dismiss, Defendant speculates that the Government mislead the grand jury by failing to present evidence that Defendant was planning a peaceful protest and not a "riot"; evidence that Defendant equivocated on his desire to burn down the building, including stating at times that he merely "wanted" to burn it down; comments by Defendant indicating that the threats he made were in jest, such as "jk" (just kidding) and "lmao" (laugh my ass off); evidence that Defendant's threats were conditional, including

comments that he would only burn the building if "riot forced" to do so by the police; and evidence that, when asked what pharmacies to loot, Defendant merely stated that Safeway and Walmart were the only pharmacies in town but did not actually *agree* to loot a pharmacy. (Doc. 51). Defendant now argues that the "grand jury transcripts are therefore necessary to support the claims at issue" in his Motion to Dismiss. (Doc. 52 at 2).

## I.   LEGAL STANDARD

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits a court to order disclosure of matters occurring before a grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "A trial judge should order disclosure of grand jury transcripts *only* when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986) (citation omitted) (emphasis added). Particularized need must be based on more than mere speculation. *See id.* at 857.

"A request for grand jury information is within the sound discretion of the Court." *United States v. Johnston*, No. CR-03-1167-PHX-DGC, 2006 WL 276937, at *1 (D. Ariz. Feb. 3, 2006) (citing *Walczak*, 783 F.2d at 857). The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

## II.   ANALYSIS

Defendant's Motion is denied because it is based purely on speculation. To obtain grand jury transcripts, the Ninth Circuit requires more than "mere speculation" to overcome the policy of grand jury secrecy. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (denying a motion for grand jury transcripts because defendant did not allege specific facts supporting his motion, making his motion speculative); *United States v. Urena-Villa*, No. CR1701860TUCCKJBGM, 2018 WL 3439824, at *3 (D. Ariz. July 17, 2018), *report and recommendation adopted*, No. CR171860TUCCKJBGM, 2018 WL 3744975 (D. Ariz. Aug. 6, 2018) (denying grand jury transcripts because "mere speculation that improprieties

occurred before the grand jury is inadequate to establish a particularized need"). Further, this Court has held that a "desire to have the grand jury transcripts as a discovery tool to help [a defendant] prepare a motion to dismiss the indictment does not constitute a particularized need that outweighs the policy of secrecy." *Johnston*, 2006 WL 276937, at *1 (citing *Walczak*, 783 F.2d at 857) (affirming denial of a motion to discover grand jury transcript because the defendant failed to show a "particularized need" where he merely speculated that false testimony of law enforcement officers was presented to the grand jury); *Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1254 (C.D. Cal. 2009) ("A generalized desire for discovery needed to prove one's case does not constitute the requisite showing of particularized need.").

Here, Defendant's Motion for Production of Grand Jury Transcripts alleges that the Government "*likely* presented an inaccurate, incomplete, or misleading presentation to the grand jury." (Doc. 52 at 2) (emphasis added). In the corresponding Motion to Dismiss, specifically titled "Motion to Dismiss Due to *Likely* Presentation of Inaccurate, Incomplete or Misleading Information to Grand Jury," Defendant argues that the government "*likely* interfered with the independence and integrity of the Grand Jury proceeding" because it "*almost certainly* presented an inaccurate, misleading, and incomplete narrative." (Doc. 51 at 4) (emphasis added). Defendant argues "the government *likely* cherry-picked language that furthered its narrative" and that the "grand jury *almost certainly* never heard that Loren made several comments demonstrating the desire to engage in peaceful protest." (Doc. 51 at 4, 5) (emphasis added). Similarly, Defendant argues the grand jury "*likely* never heard (or saw) the ample evidence that Loren made his comments in jest," that the grand jury "*likely* never heard that Loren's comments were conditional," and that the government "*likely* erroneously claimed that Mr. Reed advocated the burning or looting of private business." (Doc. 51 at 6, 7, 8) (emphasis added). This language evinces the speculative nature of Defendant's claims.

Defendant argues that this all "*likely* occurred because the government has engaged in a pattern of doing so on the record," specifically in the Complaint (Doc. 51 at 5)

(emphasis added). Specifically, Defendant argues the government has been "cherry-picking the most damaging language, without showing the full context of the statement" by, for example, indicating that Defendant threatened to burn the building without also including language that he stated he would only do so "if we get riot forced." (Doc. 51 at 8). Defendant argues that "[i]f the government is employing these tactics to bring the charge in the Complaint, it is fair to assume its presentation to the grand jury was similarly calculatedly incomplete." (Doc. 51 at 8).

Even assuming without deciding that the government "cherry-picked" Defendant's language in the Complaint, Defendant has produced no evidence that the government did so before the grand jury. This Court cannot conclude that these proffered reasons rise above mere speculation and constitute a particularized need. If Defendant seeks to ensure that the jury in this case is presented with a full picture of Defendant's statements, Defendant can do so upon examination at trial. *See United States v. Renzi (Renzi I)*, 651 F.3d 1012, 1027 (9th Cir. 2011) (emphasis in original) (internal quotations and citation omitted) ("[A] grand jury's use of inadequate or incompetent evidence . . . presents a question, not of rights, but of remedies, and the Court has determined that the regular operation of generally applicable rules of procedure and evidence at trial is the appropriate remedy."); *see also United States v. Sears, Roebuck & Co., Inc.*, 719 F.2d 1386, 1391 n.7 (9th Cir. 1983) ("[C]ourts have been disinclined to extend due process rights to grand jury proceedings."). Defendant fails to meet his burden of demonstrating a particularized need. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Production of Grand Jury Transcripts (Doc. 52) is **denied**.

Dated this 19th day of April, 2021.

Honorable Steven P. Logan
United States District Judge