FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 0 5 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
DAVID A. PIMSNER
Arizona State Bar No. 007480
KEVIN C. HAKALA
Colorado Bar No. 41335
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: david.pimsner@usdoj.gov
Email: kevin.hakala@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Loren Reed,<br><br>　　　　　Defendant. | CR-20-8098-PCT-SPL<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Loren Reed, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 844(e), Threatening to Damage and Destroy a Building by Means of Fire, a Class C felony offense.

The defendant will also plead guilty to the Count 1 of the Information charging the defendant with a violation of 21 U.S.C. § 844(a), Simple Possession of Marijuana, a Schedule 1 Controlled Substance, a Class A misdemeanor offense.

//

//

2. **MAXIMUM PENALTIES**

    a. A violation of 18 U.S.C. § 844(e), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of ten years, or both, and a term of supervised release of three years. A maximum term of probation is five years.

    b. A violation of 21 U.S.C. § 844(a), is punishable by a maximum fine of $100,000, a minimum fine of $1,000, a maximum term of imprisonment of one year, or both, and a term of supervised release of one year. A maximum term of probation is five years.

    c. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

        1. make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

        2. pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

        3. serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

        4. pay upon conviction a $100.00 special assessment for each felony count to which the defendant pleads guilty and a $25.00 special assessment for each Class A misdemeanor to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

    d. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

    e. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for

defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

3.  **AGREEMENTS REGARDING SENTENCING**

    a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case:

    1.    After defendant enters a change of plea and pleads guilty to the Indictment and Information, defendant shall be released to Pretrial Services pursuant to terms and conditions set by the Court.

    2.    The Court shall defer the sentencing for a period of two years for Count 1 of the Indictment. Count 1 of the Information shall be set for sentencing at a time convenient to the Court. As to Count 1 of the Information, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that defendant shall receive time served.

    3.    During this two-year deferred sentencing on Count 1 of the Indictment, the defendant agrees to abide by the following conditions:

    A.    Submit to and follow a program of supervision as directed by the United States Probation Office or Pretrial Services, under terms and conditions that will be set forth in the Conditions of Release to be established at the conclusion of the change of plea hearing.

    B.    Violate no Federal, State, or Local law. If arrested, defendant is to immediately contact the United States Probation Office or Pretrial Services.

    C.    Defendant shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or

otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

D. Defendant shall not use, handle, possess, purchase, acquire, or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition including on a temporary basis at such locations as shooting ranges, target practice locations, firearms retail stores, pawnshops, and family and friends' houses.

E. Defendant shall participate in a mental health treatment program, including mental health counseling, and comply with all the treatment requirements including taking all medications prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services. Defendant shall promptly notify, and continue to update, Pretrial Services as to all prescribed medications.

F. Defendant shall follow all instructions and orders from the United States Probation Office or Pretrial Services.

G. Defendant shall make good faith efforts to pay any restitution or fines that have been ordered by the Court.

4. During the period of deferred sentencing, the Court, for good cause shown, may modify the terms of this agreement.

5. If for the duration of the two-year period of deferred sentencing, the

defendant complies with all conditions of this agreement, Count 1 of the Indictment shall be dismissed.

6. If the defendant should fail, at any time and in any way, to fulfill each one of his obligations under this agreement:

    A. The matter will be set for sentencing forthwith;

    B. Defendant shall not be allowed to withdraw his guilty pleas; and

    C. Defendant shall be found guilty of Count 1 of the Indictment and shall be sentenced.

7. If the defendant should fail, at any time and in any way, to fulfill each and every one of his obligations under this agreement, resulting in the matter being set for sentencing as to Count 1 of the Indictment, the parties agree to the following stipulations and recommendations:

    b. Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that defendant's sentence as to Count 1 of the Indictment shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

    c. Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that the applicable Sentencing Guideline for Count 1 of the Indictment is U.S.S.G. § 2A6.1. The United States and defendant further stipulate that the Specific Offense Characteristics set forth in U.S.S.G. § 2A6.1(b)(1) & (4) and Cross Reference set forth in U.S.S.G. § 2A6.1(c)(1) are not supported by the underlying facts of conviction.

    d. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of

responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

   a.   The United States retains the unrestricted right to provide information and make all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b.   Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

   c.   The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

   1.   criminal convictions, history of drug abuse, and mental illness; and

   2.   financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a.   Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall

be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Threatening to Damage and Destroy a Building by Means of Fire**

On or between May 30, 2020 and June 2, 2020, in the District of Arizona:

1. Defendant made a threat to unlawfully damage and destroy the Page Magistrate Court building;

2. By use of a means of fire;

3. The threat was communicated via an instrument of interstate commerce; and

4. The threat was made willfully.

The term "threat" as used means a serious expression of an intent to damage a building by fire and made with the intent that others understood it as a serious threat.

The government must prove that the defendant transmitted the communication "for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Elonis v. United States*, 135 S. Ct. 2001, 2012 (2015). *See also United States v. Elonis*, 841 F.3d 589 (3d Cir. 2016) (Elonis II) (evidence showed defendant knew his statement would be interpreted as a threat).

The government does not have to prove that the defendant intended to carry out the threat.

**Simple Possession of Marijuana**

On or about June 2, 2020, in the District of Arizona:

1. Defendant possessed marijuana, a Schedule 1 Controlled Substance; and

2. Defendant possessed the marijuana knowingly or intentionally.

10. **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. On or between May 31, 2020 and June 2, 2020, I, Loren Reed, in the District of Arizona, participated in a Facebook chat online, an instrument of interstate commerce, and I willfully threatened to burn down the Page Magistrate Court by using fire. I issued a threat, with knowledge that the communication would be viewed as a threat. For example, I posted "I'm lighting the courthouse on fire" and "I'm gonna burn the courthouse down" in the group chat. I confirmed that I was serious and I encouraged others to participate and asked them to bring gas and arm themselves with fireworks and flammables. I discussed with another individual the best substances to use to fuel Molotov cocktails and how to obtain the fuels. I urged others in the group to throw Molotov cocktails at the same time in order to shorten the time of the attack. I also planned to retreat to the golf course after the attack to avoid apprehension.

c. On June 2, 2020, at the time of my arrest, I knowingly and intentionally possessed a small quantity of marijuana, a Schedule 1 Controlled Substance, at a home I was temporarily staying at in Page, Arizona.

d. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document, and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

5/5/21
Date

LOREN REED
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/5/21
Date

DOUG PASSON
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

_5-5-21_
Date

DAVID A. PIMSNER
KEVIN C. HAKALA
Assistant U.S. Attorneys

**ACCEPTANCE BY THE COURT**

Date

HONORABLE STEVEN P. LOGAN
United States District Court Judge