DOUGLAS A. PASSON, #017423
Law Offices of Doug Passon, PC
PO Box 4425
Scottsdale, AZ  85261
Telephone:  480.448.0086
Attorney for Defendant
doug@dougpassonlaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,         Plaintiff,   vs.  LOREN REED,         Defendant | CR-20-08098-PCT-SPL (ESW)  **OBJECTIONS TO PSR** |

Loren Reed, through undersigned counsel, respectfully submits the following objections to the draft PSR:

**1) Para. 17, Specific Offense Characteristic, Multiple threats.**

Mr. Reed objects to the proposed 2-level guideline enhancement pursuant to U.S.S.G. § 2A6.1(b)(2)(A).  The objection is premised on the arguments that that Mr. Reed only issued one "threat" to one location, to occur on one date.  Moreover, most of the speech adjacent to the statement about wanting to see the courthouse burn was either equivocal or protected by the First Amendment.

The draft report refers to three alleged threats to support the enhancement: "I wanna burn down the courthouse."; "I still wanna burn the courthouse down"; and "Let's just light the courthouse on fire." (PSR at para. 17).  It must first be noted that the first two instances are not direct threats.  The expression of a *desire*

to see something burn ("I wanna") cannot rationally be construed as a "true threat." *See, e.g., Virginia v. Black,* 538 U.S. 343, 359 (2003).

More importantly, Mr. Reed's language was uttered in one place to one audience (his private Facebook chat group) referring to one target to occur at one specific time. The language in question occurred in a back-and-forth among a group of individuals who chose to join Mr. Reed's private Facebook group. This virtual space involving hundreds, if not thousands, of rapid-fire communications happening over the course of a few days. The fact that during the course of this back and forth (involving thousands of pages of Facebook exchanges), the talk of fire at the courthouse was uttered more than one time, should not trigger an enhancement for "multiple threats."

If the threats were targeted toward multiple individuals, over multiple occasions, or even via multiple sources of communication, that would be a different matter. The operating factor here, however, is that it all of the speech occurred during the course of one virtual "conversation". This language, which was never once even communicated directly to the supposed target of the threat (courthouse, occupants, police, etc.), cannot reasonably be construed as "a series of threats" as alleged in the draft PSR.

**2) Para. 48, pending Page misdemeanor.**

Mr. Reed does not agree with the facts set forth in this paragraph. Due to the fact that Mr. Reed has yet to resolve that charge, he will refrain from making any further comments in this forum, other than to reiterate that his failure to issue a more detailed objection does not constitute an admission to any issues of fact.

**3) Justification Section, Page 19.**

Mr. Reed objections to the statement, "**Had the concerned citizen not reported the defendant's threats, it is possible, the defendant would have carried out his plan to set the courthouse on fire.**"  There is no basis for the claim to support even a remote possibility that Mr. Reed would have carried through on the threats.  There is absolutely no evidence that Mr. Reed or anyone else took even a slight step carry out any plans for a protest, a riot, or property damage by any means.

The gathering at the Courthouse was supposedly scheduled to occur just a few hours after he was arrested on June 2nd.  At the time of his arrest, he was not making any plans for a protest.  He was not stocking up on glassware, accelerants, or other supplies.  An army of law enforcement agents arrested Mr. Reed while he was in his car, on his way to McDonalds.  Law enforcement found no evidence found in his car suggesting any possibility of intent to light a candle, let alone a courthouse.  Likewise, search teams found no evidence at his home. As such, the justification for rejection of the plea agreement is based, at least in part, on a faulty assumption unfounded in fact.

Respectfully submitted:  June 29, 2021.

DOUGLAS A. PASSON
Law Offices of Doug Passon, PC

 *s/ Douglas A. Passon*
DOUGLAS A. PASSON
Attorney for the Defendant

| | |
|---|---|
| 1 | Copy of the foregoing transmitted |
| 2 | by ECF for filing June 29, 2021, to: |
| 3 | CLERK'S OFFICE |
| 4 | United States District Court |
|   | Sandra Day O'Connor Courthouse |
| 5 | 401 W. Washington |
| 6 | Phoenix, Arizona 85003 |
| 7 | DAVID PIMSNER |
| 8 | KEVIN HAKALA |
|   | Assistant U.S. Attorney |
| 9 | United States Attorney's Office |
| 10 | Two Renaissance Square |
|    | 40 N. Central Avenue, Suite 1200 |
| 11 | Phoenix, Arizona 85004-4408 |
| 12 | |
| 13 | CRYSTAL GIOVETTI |
|    | Probation Officer |
| 14 | |
| 15 | Copy mailed to: |
| 16 | |
|    | LOREN REED |
| 17 | Defendant |
| 18 | |
| ... | |