GLENN B. McCORMICK
Acting United States Attorney

DAVID A. PIMSNER
KEVIN C. HAKALA
Assistant U.S. Attorneys
District of Arizona
Arizona State Bar No. 007480
Colorado State Bar No. 41335
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: david.pimsner@usdoj.gov
Email: kevin.hakala@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Loren Reed,<br>Defendant. | CR-20-08098-PCT-SPL (ESW)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PSR** |

The United States, by and through undersigned counsel, respectfully submits the following response to defendant's Objections to PSR (Doc. 88).

First, without citing any authority, the defendant objects to the application of the Specific Offense Characteristic, U.S.S.G. § 2A6.1(b)(2), which added two offense levels because the defendant made more than two threats. The defendant claims it should not be applied because he "only issued one 'threat' to one location, to occur on one date." (Doc. 88 at 1.) The defendant does admit that the conduct occurred "over the course of a few days," but claims that it was "one virtual 'conversation.'" (Doc. 88 at 2.) The government submits that the defendant's position is contrary to law and the relevant conduct supports the application of § 2A6.1(b)(2).

The applicable version of § 2A6.1 reads in pertinent part:

(b) Specific Offense Characteristics

. . . .

(2) If (A) the offense involved more than two threats; or (B) the defendant is convicted under 18 U.S.C. § 1521 and the offense involved more than two false liens or encumbrances, increase by 2 levels.

In determining this issue, Application Note 1 to § 2A6.1 should be considered:

Scope of Conduct to Be Considered.-- In determining whether subsections (b)(1), (b)(2), and (b)(3) apply, the court shall consider both conduct that occurred prior to the offense and conduct that occurred during the offense; however, conduct that occurred prior to the offense must be substantially and directly connected to the offense, under the facts of the case taken as a whole. For example, if the defendant engaged in several acts of mailing threatening letters to the same victim over a period of years (including acts that occurred prior to the offense), then for purposes of determining whether subsections (b)(1), (b)(2), and (b)(3) apply, the court shall consider only those prior acts of threatening the victim that have a substantial and direct connection to the offense.

In enumerating defendant's threats under this standard, this Court first has the undisputed threats in the count of conviction. At the change of plea hearing, while under oath, defendant admitted that he issued threats including "I'm lighting the courthouse on fire" and "I'm gonna burn the courthouse down." (Doc. 73 at 8.)

A review of the relevant conduct supports the finding that the defendant issued more than two threats to light the Page Magistrate Court on fire. Evidence obtained from a search warrant on defendant's Facebook account identified numerous references the defendant made about burning down the courthouse.

On May 31, 2020, the defendant made the following posts, among others, in his private Facebook group:

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 08:07:07 UTC[1]

I wanna burn the court building down 👀

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 08:09:04 UTC

I just wanna light up the courthouse 😂🔥

. . . .

Author [Person A - Redacted] (Facebook: 100000730958364)

Sent 2020-05-31 08:25:13 UTC

I hope you guys are serious

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 08:28:28 UTC

I am

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 09:14:21 UTC

Gonna light the courthouse on fire

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 09:45:32 UTC

Assault, Arson, and conspiring here we come!

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 09:53:46 UTC

---

[1] At the time of the offense, Universal Time Coordinated (UTC) was seven hours ahead of the time zone in Arizona.

Let's burn the courthouse down

. . . .

User [Person B - Redacted] (100002023404650)

Text This is a joke. Right?

Time 2020-05-31 09:57:40 UTC

. . . .

Time 2020-05-31 09:57:55 UTC

Loren Reed replied to a comment. `@[100002023404650:2048:[Person – B Redacted]]

Fuck no [Person B – Redacted]`

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 10:26:06 UTC

I'm lighting the courthouse on fire[2]

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 11:37:10 UTC

Idc. I'm gonna burn the courthouse down 😂[3]

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-05-31 13:27:30 UTC

I wanna burn down the courthouse

. . . .

Author Loren Reed (Facebook: 1466157568)

---

[2] This threat was set forth in the factual basis in the plea agreement (Doc. 73 at 8).

[3] This threat was also set forth in the factual basis in the plea agreement (Doc. 73 at 8).

Sent 2020-05-31 17:55:36 UTC

I'm gonna light the courthouse on fire

On June 1, 2020, the defendant made the following posts in his private Facebook group:

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 04:24:21 UTC

I wanna burn the courthouse down

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:16:06 UTC

Tuesday at 9 at the courthouse

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:18:09 UTC

I'm just gonna light the courthouse on fire during the whole thing

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:19:28 UTC

I need a distraction of people so i can burn the courthouse down.

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:22:01 UTC

I basically just need everyone to do their thing like riot or protest peacefully until i burn the courthouse down

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:33:40 UTC

After this everyone in jail will respect me for burning down the Courthouse

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-01 17:34:42 UTC

Hell yeah. Tuesday 9pm courthouse. DO WHATEVER IT TAKES TO GET MORE FOLLOWERS

On June 2, 2020, the defendant made the following posts in his private Facebook group:

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 04:36:46 UTC

I'm still gonna burn down the courthouse

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 06:26:56 UTC

We gonna light the courthouse on fire

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 06:27:29 UTC

If we all throw gasoline molotovs it'll take seconds

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 09:12:06 UTC

Hmmmm maybe we just torch the place and book it towards the golf course

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 09:20:12 UTC

It'll be over quick with 30 molotavs

. . . .

Author Loren Reed (Facebook: 1466157568)

Sent 2020-06-02 09:20:18 UTC

The courthouse

. . . .

As set forth above, the defendant unequivocally threatened to burn down the courthouse on more than two occasions. Those threats were conveyed to multiple and various people in the Facebook chat group over a three-day period.

As stated in *United States v. Parker*, 551 F.3d 1167, 1174 (10th Cir. 2008), "It is generally understood . . . that threats are counted under § 2A6.1(b)(2) based on the number of threatening communications," not on whether the separate communications each advance distinct threats. In accord are *United States v. Scott*, 441 F.3d 1322, 1327 (11th Cir. 2006) ("the phrase 'more than two threats,' as used in § 2A6.1(b)(2), refers to the number of threatening communications, not the number of victims threatened"); *United States v. Frazer*, 391 F.3d 866, 870 (7th Cir. 2004), (same recorded threat played on the phone three times to different recipients counted as three threats). *See also United States v. Anderson*, 474 F. App'x 672 (9th Cir. 2012) (counting the number of threatening communications in upholding the application of § 2A6.1(b)(2)).

Part of the rationale for this standard, as the Seventh Circuit noted in *Frazer*, 391 F.3d at 870, is the holding in *United States v. Spring*, 305 F.3d 276, 280 (4th Cir. 2002), that the word "threat" has the same meaning in subsection (b)(2) that it has in the underlying federal statutes that criminalize threats, e.g., 18 U.S.C. §§ 844(e), 875(c) and 876(c). "Under these statutes, the unit of prosecution is the telephone call or letter; each call or letter is indictable separately as a different 'threat.'" *Frazer*, 391 F.3d at 870. *See also United States v. Corum*, 362 F.3d 489 (8th Cir. 2004); *United States v. Nedd*, 262 F.3d 85, 88 (1st Cir. 2001).

The same rationale applies here under the statute of conviction, 18 U.S.C. § 844(e), governing threats to commit arson. As detailed above, the defendant made numerous threatening communications that could have been separately charged as distinct counts in violation of § 844(e). The fact that they each involved the same would-be target (Page Magistrate Court) and the same message and sentiment is irrelevant. What matters is that on more than two occasions the defendant issued a threat that was communicated separately. This interpretation of this guideline provision is consistent with the provision's plain language and properly punishes repeated behavior more severely. In conclusion, the relevant conduct supports the finding that the defendant made more than two threats under § 2A6.1(b)(2), and the two offense levels were appropriately added to the defendant's offense level.

Second, the defendant objects to Paragraph 48 which described the defendant's recent arrest for misdemeanor disorderly conduct pending sentencing. Although the defendant does not put forth alternate facts, the defendant states that he "does not agree with the facts." The government does not oppose noting that the defendant does not agree with the facts in the PSR.

Lastly, the defendant objects to a portion of the PSR writer's justification section that "[h]ad the concerned citizen not reported the defendant's threats, it is possible, the defendant would have carried out his plan to set the courthouse on fire." (PSR ¶ 19.) Although, the PSR writer's sentiment was only expressed as a possibility, the government notes that at the time of the defendant's arrest, the FBI did not find any evidence that the defendant intended to follow through on his threats. As a result, the government stipulated that the Specific Offense Characteristics set forth in U.S.S.G. § 2A6.1(b)(1), which calls for a six-level increase in the guideline if the offense involved any conduct evidencing an intent to carry out such threat, was not supported by the underlying facts. Regardless, the government is not required to prove that the defendant intended to carry out the threat to sustain a conviction under 18 U.S.C. § 844(e). *See United States v. Nusz*, 462 F.2d 617, 618 (9th Cir. 1972).

As set forth in his plea agreement, the defendant admitted that he confirmed to others in the Facebook chat group that he was serious about his threat, he encouraged others to participate, and asked them to bring gas and other flammables. The defendant also discussed with another individual the best substances to use to fuel Molotov cocktails and how he was going to obtain the fuels. Lastly, the defendant admitted that he urged others in the group to throw Molotov cocktails at the same time in order to shorten the time of the attack (Doc. 73 at 8). Even if no evidence of an intent to carry out the threat was found after the defendant's arrest, the nature and seriousness of the threats against the courthouse caused the initiation of a significant law enforcement investigation to determine whether the threats were in fact intended to be carried out and to mitigate any potential action against the courthouse.

In conclusion, the defendant's request to preclude the application of the Specific Offense Characteristic, U.S.S.G. § 2A6.1(b)(2) should be denied. The remaining objections do not affect the final guideline range.

Respectfully submitted this 7th day of July, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/David A. Pimsner*
DAVID A. PIMSNER
KEVIN C. HAKALA
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of July, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Douglas Passon

*s/NH*
U.S. Attorney's Office